JOHN E. BRAGONJE (SBN 9519)
e-mail: jbragonje@lewisroca.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996
Tel: 702.949.8200
Fax: 702.949.8398

MATTHEW C. HEERDE (*admitted pro hac vice*)
e-mail: mheerde@pearlcohen.com
**PEARL COHEN ZEDEK LATZER BARATZ LLP**
7 Times Square Tower 19th Floor
New York, NY 10036
Tel: (646) 878-0800

*Attorneys for Defendant Else Nutrition USA, Inc.*

# UNITED STATE DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AMERICAN NUTRITIONAL CORPORATION, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ELSE NUTRITION USA, INC., a Delaware corporation,<br><br>Defendant. | Case No. 22-cv-01286-APG-EJY<br><br>**ELSE NUTRITION USA, INC.'S ANSWER AND COUNTERCLAIMS** |

As and for its response to the July 11, 2022 complaint by plaintiff American Nutritional Corporation, Inc. (hereinafter, "**ANC**"), defendant Else Nutrition USA, Inc. (hereinafter, "**Else**"), Else alleges as follows:

1.  Else admits the allegations in paragraph 1 of the Complaint.

2.  Else admits that it is and was at all times relevant a Delaware Corporation, and admits that it is registered to do business in New Albany, Ohio, and lacks sufficient knowledge and information to form a belief as to the remaining allegations in paragraph 2 of the Complaint, and on that basis denies them.

3.  Else lacks sufficient knowledge and information to form a belief as to the allegations in paragraph 3 of the Complaint, and on that basis denies them.

118817715.1

4. Else admits the allegations in paragraph 4 of the Complaint.

5. Else admits the allegations in paragraph 5 of the Complaint.

6. Else admits that in response to Else's orders, ANC packaged the bulk nutritional formula supplied by Else and shipped pallets of canned nutritional formula, and admits that ANC invoiced Else, but lacks sufficient knowledge and information to form a belief as to the remaining allegations in paragraph 6 of the Complaint, and on that basis denies them.

7. Else denies the allegations in paragraph 7 of the Complaint.

8. Else admits the allegations in paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Else lacks sufficient knowledge and information to form a belief as to the remaining allegations in paragraph 9 of the Complaint, and on that basis denies them.

10. Paragraph 10 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Else lacks sufficient knowledge and information to form a belief as to the allegations in paragraph 10 of the Complaint, and on that basis denies them.

11. Paragraph 11 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Else lacks sufficient knowledge and information to form a belief as to the allegations in paragraph 11 of the Complaint, and on that basis denies them.

12. Paragraph 12 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Else lacks sufficient knowledge and information to form a belief as to the allegations in paragraph 12 of the Complaint, and on that basis denies them.

13. Else admits that Else claims that goods delivered by ANC were contaminated and thus defective, but denies that Else claims the extent of said contamination is "undetermined."

14. Else denies the allegations in paragraph 14 of the Complaint.

### First Cause of Action

### (Breach of Contract)

15. Else repeats and realleges all the preceding allegations as if fully set forth herein.

16. Else admits the allegations in Paragraph 16 of the Complaint.

118817715.1

17. Else lacks sufficient knowledge and information to form a belief as to the allegations in paragraph 17 of the Complaint, and on that basis denies them.

18. Else denies the allegations in paragraph 18 of the Complaint.

19. Else denies the allegations in paragraph 19 of the Complaint.

20. Else denies the allegations in paragraph 20 of the Complaint.

21. Else denies the allegations in paragraph 21 of the Complaint.

22. Else denies the allegations in paragraph 22 of the Complaint.

23. Else denies the allegations in paragraph 23 of the Complaint.

24. Else denies the allegations in paragraph 24 of the Complaint.

25. Else denies the allegations in paragraph 25 of the Complaint.

**Second Cause of Action**

**(Unjust Enrichment)**

26. Else repeats and realleges all the preceding allegations as if fully set forth herein.

27. Else denies the allegations in paragraph 27 of the Complaint.

28. Else denies the allegations in paragraph 28 of the Complaint.

29. Else denies the allegations in paragraph 29 of the Complaint.

**Third Cause of Action**

**(Unjust Enrichment)**

30. Else repeats and realleges all the preceding allegations as if fully set forth herein.

31. Else denies the allegations in paragraph 31 of the Complaint.

32. Else denies the allegations in paragraph 32 of the Complaint.

33. Else denies the allegations in paragraph 33 of the Complaint.

34. Else denies the allegations in paragraph 34 of the Complaint.

35. Else denies the allegations in paragraph 35 of the Complaint.

36. Else denies the allegations in paragraph 36 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

37. ANC's Complaint fails to state a cause of action upon which relief can be granted.

118817715.1

**SECOND AFFIRMATIVE DEFENSE**

38.    Else is not subject to personal jurisdiction in this Court or any court in the State of Nevada.

**THIRD AFFIRMATIVE DEFENSE**

39.    ANC's prior breach of the contract between the parties discharged any obligations of Else.

**FOURTH AFFIRMATIVE DEFENSE**

40.    ANC's breach of the contract between the parties has caused damages to Else that offset any damages due to ANC.  Else asserts such damages as offset and recoupment.

**FIFTH AFFIRMATIVE DEFENSE**

41.    ANC's breach of the warranty of merchantability has caused damages to Else that offset any damages due to ANC.

**SIXTH AFFIRMATIVE DEFENSE**

42.    ANC's claims are barred by the doctrine of estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

43.    ANC's claims of unjust enrichment and conversion are barred because there was an express contract in place between the parties.

**EIGHTH AFFIRMATIVE DEFENSE**

44.    ANC's claims for punitive or exemplary damages cannot be sustained because an award of punitive damages under Nevada law is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount that a jury may impose, which would violate ANC's due process rights guaranteed by the 14th Amendment to the United States Constitution (U.S. Const. Amends. XIV) and by the due process provisions of the Nevada Constitution.

**NINTH AFFIRMATIVE DEFENSE**

45.    ANC's claims for punitive damages are barred because the acts and omissions of Else, if any, fail to rise to the level required to sustain an award of punitive damages; there was no evil intent, no evidence of malicious, knowing, oppressive or fraudulent intent to deny ANC its

118817715.1

protected rights, if any, and no wantonness or willfulness, and thus no support for an award of punitive damages.

**TENTH AFFIRMATIVE DEFENSE**

46. Alternatively, Else invokes all rights and remedies to which it is or may be entitled pursuant to Nevada law and federal procedural rules and laws, including, but not limited to, ANC's burden of proving its entitlement to punitive damages by clear and convincing evidence and Else's right to a bifurcated trial on the issue of punitive damages. Else further invokes all standards and/or limitations regarding the determination and enforceability of punitive damage awards as stated in BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996) and its progeny, including State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003).

**ELSE'S COUNTERCLAIMS AGAINST ANC**

As and for its counterclaims against ANC, Else alleges as follows:

47. In April 2021, Else's manufacturer in Ohio—Nature's One—produced over 80,000 pounds of Else's Toddler organic powder (the "**Product**").

48. Tests of the Product after production by Nature's One showed that the Product was free of contaminants, such as milk protein.

49. In or around May 2021, Else and ANC agreed that ANC would package the Product into cans at ANC's facility in Las Vegas.

50. In agreeing to package the Product, ANC agreed to be bound by Else's standards for ensuring purity in Else's Product.

51. Else agreed to pay an additional $7,000 in fees to ANC to induce ANC to forego packaging any other client's product while ANC was packaging Else's Product.

52. In early June 2021, ANC received shipments of Else's Product from Else's manufacturer in Ohio, Nature's One, on 123 shipping pallets.

53. Around June 14, 2021, ANC commenced packaging Else's Product.

54. By June 16, 2021, ANC had packaged approximately 112 pallets of cans of Else's Product.

55. Else paused packaging after June 16, 2021.

118817715.1

56. Around June 24, 2021, tests of the Product packaged by ANC showed that some of the canned Product was contaminated with milk protein.

57. Around June 24, 2021, ANC was informed of the milk protein contamination.

58. On information and belief, ANC caused the milk protein contamination of Else's Product, while ANC was storing, handling, and / or packaging Else's product at ANC's facility in Las Vegas.

59. ANC has admitted that its Las Vegas facility packages products containing dairy.

60. Tests taken at ANC's Las Vegas facility in August 2021 showed that powder containing unacceptable proteins had accumulated on the surface of Else's packaging material at the facility.

61. The contamination caused 38,480 cans of Else's Product to be contaminated with unacceptable milk protein, rendering those cans defective and unsellable and destroying 94 pallets of Product.

62. ANC caused the contamination of 34,480 cans of Else's Product, rendering those cans defective and unsellable.

63. As a result of the contamination, Else has been damaged in an amount no less than $1,000,000 arising from—among other things—Else's costs in procuring raw ingredients and paying to have those raw ingredients mixed into the Product at Nature's One, Else's costs in shipping and procuring testing of the contaminated Product, Else's costs of storage of the contaminated Product, and Else's lost profits that would have been gained from selling the Product had it been conforming.

## FIRST COUNTERCLAIM

### (Breach of Contract)

64. Else repeats and realleges all the preceding allegations as if fully set forth herein.

65. There was a contract between ANC and Else for ANC to package Else's product, free of contaminants, such as milk protein.

66. ANC breached the contract between ANC and Else.

118817715.1

67. ANC breached the contract by contaminating Else's Product during ANC's packaging process.

68. As a direct and proximate result of ANC's breach, Else has been damaged in an amount no less than $1,000,000.

## SECOND COUNTERCLAIM

### (Breach of Implied Warranty of Merchantability)

69. Else repeats and realleges all the preceding allegations as if fully set forth herein.

70. By agreeing to package Else's Product, ANC undertook an implied warranty of merchantability in favor of Else.

71. Pursuant to the implied warranty of merchantability, ANC warranted, among other things, that the Product would conform to the promises made on the Product container into which ANC packaged the Product, specifically, that the Product was dairy free, and that Product was packaged as required by the contract between the parties.

72. ANC breached the implied warranty of merchantability by causing the Product to be contaminated with milk proteins while ANC was storing, handling, and / or packaging Else's product at ANC's facility in Las Vegas.

73. ANC breached the implied warranty of merchantability by failing to adequately package the Product as the parties' agreement required.

74. ANC breached the implied warranty of merchantability by failing to produce goods that were of fair average quality within the description in the contract of the parties.

75. As a direct and proximate result of ANC's breach of the implied warranty of merchantability, Else has sustained compensatory, incidental, and / or consequential damages in an amount totaling no less than $1,000,000.

WHEREFORE, Else prays that ANC take nothing by its Complaint, and that the Court enter judgment against ANC and in favor of Else, as follows:

On Else's First Counterclaim for Breach of Contract:

1. For an award of compensatory, incidental and consequential damages in an amount no less than $1,000,000;

118817715.1

2. For its costs incurred in this action, including but not limited to attorneys fees;

On Else's Second Counterclaim for Breach of the Implied Warranty of Merchantability:

3. For an award of compensatory, incidental and consequential damages in an amount no less than $1,000,000;

4. For its costs incurred in this action, including but not limited to attorneys fees;

On all Counterclaims:

5. For such other and further relief as this Court deems just and proper.

DATED September 9, 2022

LEWIS ROCA ROTHGERBER CHRISTIE LLP

_/s/ John E. Bragonje_
JOHN E. BRAGONJE (SBN 9519)
e-mail: jbragonje@lewisroca.com
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996
Tel: 702.949.8200
Fax: 702.949.8398


PEARL COHEN ZEDEK LATZER BARATZ LLP

/s/ Matthew C. Heerde
By: MATTHEW C. HEERDE (*pro hac vice*)
mheerde@pearlcohen.com
7 Times Square Tower 19th Floor
New York, NY 10036
Phone: (646) 878-0800

*Attorneys for Defendant Else Nutrition USA, Inc.*

118817715.1

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 9, 2022, a true and exact copy of the foregoing has been served upon all parties via CM/ECF.

/s/ Annette Jaramillo
An employee of Lewis Roca Rothgerber Christie LLP

9

118817715.1