John E. Bragonje
Nevada Bar No. 9519
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996
Tel: (702) 949-8200
Email: jbragonje@lewisroca.com

Matthew Heerde (*pro hac vice*)
PEARL COHEN ZEDEK LATZER BARATZ LLP
Times Square Tower
7 Times Square
New York, NY 10036
Tel : (646) 878-0856
Email: mheerde@pearlcohen.com

*Attorneys for Defendant Else Nutrition USA, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| AMERICAN NUTRITIONAL CORPORATION, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ELSE NUTRITION USA, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 2:22-cv-01286-APG-EJY<br><br>**STIPULATION AND [PROPOSED] ORDER TO PARTICIPATE IN SETTLEMENT CONFERENCE AND TO STAY DISCOVERY** |

**STIPULATION**

1   Plaintiff American Nutritional Corporation, Inc. and defendant Else Nutrition USA, Inc., by and through their respective counsel, hereby respectfully request pursuant to Local Rule 16-5 that this Court issue an order requiring the parties and their attorneys to be present at a settlement conference at a time and place to be designated by the Court for the consideration of the resolution of this action, and such other matters as may aid in the resolution, settlement, and disposition of the action.  Specifically, the parties represent that this case is appropriate for "a pre-discovery early settlement conference with a magistrate judge." LR 1-1(b); *see also* LR IB 1-7 (describing duties of a magistrate judge to include presiding at confidential settlement conferences).

120715156.1

2\.      Under 28 U.S.C. §1332, this Court has diversity jurisdiction because this action is between citizens of different states and/or countries and—based on the relief requested—the amount in controversy exceeds $75,000.  *See also JPMorgan Chase Bank Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 91 (2002) (Section 1332(a)(2) "provides district courts with original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of a state and citizens or subjects of a foreign state.").

3\.      Defendant is a corporation organized and existing under the laws of Delaware, with its principal place of business and headquarters (nerve center) located in New Albany, Ohio.  For purposes of diversity jurisdiction under 28 U.S.C. § 1332(c)(1), Defendant is a citizen of Delaware and Ohio.  However, the principals of Defendant who have authority to make decisions pertaining to this lawsuit, including to negotiate a potential resolution of this action, reside neither in Delaware nor Ohio.  They are citizens of the State of Israel and resident there.

4\.      In addition, the Defendant's lead trial counsel, Matthew Heerde, admitted *pro hac vice* in this matter, also resides in outside Nevada—in New York County, New York.

5\.      Given the logistical difficulty, the tax on time and resources, the continuing difficulty and increased cost of international travel, and the desire to conserve resources, the parties request that Defendants' principals and lead trial counsel be permitted to appear at the settlement conference through live video transmission, such as Zoom or Microsoft Teams.  The parties recognize that this will mean that all counsel and party representatives will need to appear virtually, and not just those who reside outside this jurisdiction.  The parties have conducted several informal conferences by this method and are confident that doing so in this context would not prejudice the chances for success in any manner.

6\.      We recognize that this Court "is committed to assisting attorneys and parties in reducing costs in civil cases" and that it "is the obligation of attorneys, as officers of the court, to work toward the prompt completion of each case and to minimize

litigation expense." LR 1-1(B); *see also* 28 U.S.C. § 473(b)(5) (civil justice expense and delay reduction plans adopted by district courts may include requirement that representatives "with authority to bind [parties] in settlement discussions" be available during settlement conferences). With this exhortation from the Court in mind, the parties also request that this Court stay the discovery deadlines from now until a period of three weeks following the conclusion of the settlement conference (in the event that the case does not resolve) during which time the parties will propose a new stipulated scheduling order to address the remaining discovery to be completed. This will permit the parties to redirect time and financial resources that they would otherwise expend in the discovery process towards potential settlement.

    IT IS SO STIPULATED.

Dated this 30th day of March, 2023.

BRIAN K. BERMAN, CHTD.

By: /s/ Brian K. Berman
Brian K. Berman
Nevada Bar No. 56
b.k.berman@att.net
721 Gass Avenue
Las Vegas, NV 89101
(702) 382-0702

*Attorney for Plaintiff American Nutritional Corporation, Inc.*

Dated this 30th day of March, 2023.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: /s/ John E. Bragonje
John E. Bragonje
Nevada Bar No. 9519
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996
Tel: (702) 949-8200
Email: jbragonje@lewisroca.com

PEARL COHEN ZEDEK LATZER BARATZ LLP

Matthew Heerde (*pro hac vice*)
Times Square Tower
7 Times Square
New York, NY 10036
Tel : (646) 878-0856
Email: mheerde@pearlcohen.com

*Attorneys for Defendant Else Nutrition USA, Inc*

**ORDER**

Good cause appearing, IT IS SO ORDERED. All attendees of the settlement conference will appear via video conference, the details of which the Court will provide in a separate scheduling order.

_____
UNTIED STATES MAGISTRATE JUDGE

Dated: March 31, 2023

- 4 -